ADELMAN LAUNDRY & CLEANERS, INC., and another, Respondents, v. FACTORY INSURANCE ASSOCIATION and another, Appellants.

*No. 250. Submitted under sec. (Rule) 251.54 May 3, 1973.—Decided June 5, 1973.*
(Also reported in 207 N. W. 2d 646.)

For the appellants the cause was submitted on the briefs of *Kenneth M. Kenney* and *Wolfe, O'Leary, Kenney & Wolfe,* all of Milwaukee.

For the respondents the cause was submitted on the brief of *Reinhart, Boerner, Van Deuren & Norris, S. C.,* attorneys, and *William R. Steinmetz* of counsel, all of Milwaukee.

PER CURIAM. Plaintiffs sued to recover on a business interruption endorsement to a fire insurance policy for damages sustained as a result of the curfew imposed after the Milwaukee civil disturbance in 1967. There was no physical damage to the plaintiffs' premises or property. Because of this fact the defendants argue that there is no coverage under the policy.

The relevant provisions of the business interruption endorsement to the policy read as follows:

"1. Subject to all its provisions, this Policy covers . . . against loss resulting only from necessary interruption of business conducted by the Insured caused by damage or destruction by the peril(s) insured against . . . to real or personal property . . .

"23. RIOT, CIVIL COMMOTION, AND VANDALISM.—This Policy also insures against loss resulting from necessary interruption of business due to damage to or destruction of described property caused directly by riot, . . . civil commotion, . . .

"2. Recovery in the event of loss hereunder shall be the ACTUAL LOSS SUSTAINED by the Insured directly resulting from such interruption of business, but not exceeding the reduction in gross earnings less charges and expenses which do not necessarily continue during the interruption of business, for only such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such described property as has been damaged or destroyed, commencing with the date of such damage or destruction and not limited by the date of expiration of this Policy. . . .

"8. INTERRUPTION BY CIVIL AUTHORITY.—This Policy is extended to include the actual loss as covered hereunder during the period of time, not exceeding 2 con-

secutive weeks, when, as a direct result of the peril(s) insured against, access to the described premises is prohibited by order of civil authority."

Applying the rule that insurance policies are to be construed against the insurers, the trial judge ruled that the provisions of the policy were ambiguous, and construed the policy to cover the loss claimed by the plaintiffs, notwithstanding the fact that access to their premises was not restricted because of any physical damage to the premises or their property. The trial judge did not have the benefit of the opinion of the District of Columbia Court of Appeals in *Two Caesars Corp. v. Jefferson Ins. Co.* (D. C. Court of Appeals 1971), 280 Atl. 2d 305, which was handed down after the decision in this case.

In the *Two Caesars Case* the court construed provisions of a business interruption endorsement to a fire insurance policy which were similar to paragraphs 1, 2, and 23 of the policy under consideration here, and identical to paragraph 8. The court held that a business interruption loss resulting from restriction of access to a restaurant under a curfew imposed in the city of Washington because of the civil disturbances which followed the assassination of Martin Luther King, Jr., was not compensable. The court construed the policy provisions to make a loss compensable only when the order of civil authority which prohibits access to the premises is predicated upon damage to or destruction of business property.

Plaintiffs claim the District of Columbia Court was in error. They argue that under the interruption by civil authority clause the policy is "extended," and that this extension is an extension of coverage beyond the limitation of the other coverage provisions of the policy to business interruption caused by damage or destruction to property. Under the interruption by civil authority

clause the policy is extended to include "the actual loss as covered hereunder" for a period of not more than two consecutive weeks when access to the premises is prohibited by order of civil authority as a direct result of the perils insured against. This clause must be read in light of the provisions of paragraph 2, which limit recovery for business interruption to that period of time which is required to repair, rebuild, or replace damaged or destroyed property. The extension is not an extension of coverage to delete the requirement of damage or destruction. It is, instead, an extension of the time within which an otherwise compensable loss may be sustained.

We agree with the District of Columbia Court of Appeals in the *Two Caesars Case.*

The judgment is reversed.